## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.S.**

**No. 18-0718** (Clay County 17-JA-53)

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.S., by counsel Kenneth Starcher, appeals the Circuit Court of Clay County's July 9, 2018, order terminating her parental rights to J.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher C. McClung, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2017, the DHHR filed a petition alleging that petitioner's child was born drug exposed. According to the DHHR, both petitioner and the child tested positive for methamphetamine at the time of the child's birth. Additionally, the DHHR alleged that petitioner's parental rights to four other children were terminated in January of 2016 due to substance abuse issues. The circuit court held a preliminary hearing and found probable cause that imminent danger existed to the child.[3]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner asserts no assignment of error regarding the termination of her parental rights.

[3]The preliminary hearing was held in Kanawha County after which the circuit court found that Clay County circuit court was the appropriate forum and transferred the matter to that jurisdiction.

1

The circuit court held an adjudicatory hearing in February of 2018. Petitioner did not appear, but was represented by counsel. The DHHR presented evidence regarding adjudication. Petitioner's counsel moved to continue the hearing on the basis that petitioner was ill and the circuit court granted the motion. Petitioner failed to appear at the second adjudicatory hearing in April of 2018, but was represented by counsel. The circuit court reviewed the evidence presented at the prior hearing and adjudicated petitioner as an abusing parent.

On May 21, 2018, the circuit court held a dispositional hearing and petitioner appeared in person and by counsel. The DHHR presented testimony that petitioner previously refused to drug screen and failed to contact the DHHR regarding visitation with the child. The DHHR recommended termination of petitioner's parental rights. Petitioner testified that she was incarcerated for a misdemeanor petit larceny charge on May 3, 2018. Petitioner further admitted that she had not participated in any substance abuse treatment since the petition was filed. Ultimately, the circuit court found that petitioner continued to abuse controlled substances and failed to seek treatment for her addiction. Accordingly, the circuit court terminated petitioner's parental rights on the basis that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the welfare of the child. The circuit court memorialized its decision in its July 9, 2018, order. Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T*., 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period. We find petitioner is entitled to no relief. West Virginia Code § 49-4-

[4]The father's parental rights were also terminated. According to the parties, the permanency plan for the child is adoption in her current foster placement.

610(2) provides that a circuit court may grant a post-adjudicatory improvement period when "[t]he respondent files a written motion requesting the improvement period" and "demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

The circuit court did not err in denying petitioner's motion for an improvement period because petitioner did not prove by clear and convincing evidence that she would fully participate in an improvement period. It is clear from the record that petitioner failed to participate in any services to remedy the conditions of abuse and neglect. These conditions were the continuation of the circumstances which led to petitioner's prior involuntary termination of parental rights to her older children. West Virginia Code § 49-4-604(b)(7)(C) provides that the DHHR is not required to make reasonable efforts when "[t]he parental rights of the parent to another child have been terminated involuntarily." Further, "the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § [49-4-605(a)] is present." *In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, in part, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). West Virginia Code § 49-4-605(a)(3) includes the prior termination of a parent's parental rights to another child as one of the above mentioned factors. Petitioner made no substantial changes to her behavior on her own as evidenced by her continued substance abuse. Therefore, the circuit court did not abuse its discretion in denying petitioner's motion for an improvement period as she failed to show that she would fully participate in that improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 9, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 15, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison